ALBERT TREAT & als., *Complain'ts*, *versus* JOHN P. BENT.
SAME & als., *Complain'ts*, *versus* WALDO T. PIERCE.

A complaint for *forcible entry and detainer* must disclose enough upon its face to give the Court jurisdiction without a resort to parol testimony.

When the complaint shows that the complainant lives in the county in which the estate lies, it cannot be signed and sworn to by his agent or attorney, unless it also shows that the complainant is " out of the State, or sick, or, for other reasons, unable to attend personally before the Court."

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

The facts were the same in both cases, and are stated in the opinion, so far as they affect the questions of law decided.

Treat *v*. Bent.

*Rowe & Varney*, for complainants.

*J. A. Peters*, for each respondent.

The opinion of the Court was drawn up by

CUTTING, J. — Complaints under the statute for forcible entry and detainer, dated August 15, 1862, wherein "Albert Treat of Bangor, in the county of Penobscot, and *Robert Treat* of said Bangor, and Webster Treat, Franklin Treat, and Emeline M. Treat of Frankfort, in the county of Waldo, by their agent, the said Albert Treat, and Waldo P. Treat of said Frankfort, by his guardian, Albert Treat, complains," &c.

The process in each case was originally brought, and certain proceedings had, before the Police Court for the city of Bangor, where the respondent appeared and moved the Court to quash the complaint, because therein it appeared that one of the claimants, *to wit, Robert Treat*, was alleged to be a resident of Bangor, in the county of Penobscot, where the estate lies, and that, as it regards *him*, there could be no complaint signed and sworn to by an agent or attorney, which motion was overruled by the Court, and that ruling is presented for our consideration.

This process of forcible entry and detainer is one created and regulated by the statutes, and, in order to be maintained, must come clearly within their provisions. The statute relied upon by both parties, so far as the present inquiry is concerned, is that of 1862, c. 140, which provides that—"If the claimant lives out of the county where the estate lies, or is out of the State, or sick, or for other reasons unable to attend personally before said Court, the complaint may be made in his name, but be signed and sworn to by his agent or attorney, and, if out of the State, must be indorsed like writs."

The motion was to the jurisdiction of the Court, and should have been sustained, founded as it was upon the declaration as to the residence of *Robert Treat*. But it is said

there was evidence before the Court that he was at the time "out of the State." Before such evidence could be admissible, the complaint should have been amended, if amendable, so as to correspond with such fact, thereby enabling the respondent to put the same in issue, and also to call for an indorser, which could not have been legally furnished after the entry, and for that cause also the complaint might have been quashed. R. S., c. 81, § 9. In order to test the principle, we may consider *Robert Treat* to be the sole complainant. If he was out of the State, when process was commenced, it should have so appeared, and the process indorsed before entry, "like writs." It not so appearing, no indorser was required, but after entry, by such parol testimony it, so appearing, would render the process void on motion for want of an indorser.

But the record before us discloses no motion to amend, and evidence *dehors* the record, or a legal inference therefrom, is not admissible. The complaint itself should have disclosed enough upon its face to give the Court jurisdiction, without a resort to parol testimony, which can become no part of the record. *Complaints quashed.*

APPLETON, C. J., DAVIS, KENT, DICKERSON and BARROWS, JJ., concurred.